UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WOHLRABE,

        Plaintiff,

v.                                   Case No. 25-cv-0406-bhl

MATTHEW LAUDON,
DANIEL MIELNICKI, and
REBECCA PICCARD,

        Defendants.

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff Nathan Wohlrabe, who is currently confined at the Mendota Mental Health Institute, brought a civil action under 42 U.S.C. §1983, alleging that his civil rights were violated. This is the eighth action Wohlrabe has initiated in this Court in the last six months.[1] The civil case filing fee for each action is $405. Wohlrabe paid the $405 filing fee for the first two actions he filed, both of which have since been dismissed. His third action was dismissed because he failed to pay the filing fee. He moved to proceed without prepaying the civil case filing fee (*in forma pauperis*) in the four actions he filed before he filed this action. His motions to proceed *in forma pauperis* were denied after the Court determined he is not indigent. Undeterred, on March 28, 2025, Wohlrabe moved for leave to proceed *in forma pauperis* in the instant action. He states that he has done all that he can to make sure the filing fees in these actions get paid, but his mother, who is acting as his power of attorney, "is reluctant to pay." The Court will deny his motion for

---

[1] *See Wohlrabe v. Brown*, 24-cv-1321, *Wohlrabe v. Brown*, 24-cv-1407, *Wohlrabe v. Britton*, 24-1621, *Wohlrabe v. Childs*, 25-cv-284, *Wohlrabe v. Kwanza*, 25-cv-332, *Wohlrabe v. Britton*, 25-cv-333, *Wohlrabe v. Mielnicki*, 25-334.

leave to proceed *in forma pauperis* in this action for the same reason it denied the motions in his four most recent actions.

Wohlrabe once again asserts that he and his wife own a car worth about $20,000 and a home valued at about $240,000, with about $40,000 in equity. He also states that he has about $15,000 in cash or a savings/checking account. As the Court has repeatedly explained to Wohlrabe, a plaintiff may proceed without prepaying the full filing fee only if a court determines that the plaintiff is unable to pay the costs of commencing the action. *See* 28 U.S.C. §1915(a)(1). Based on the information Wohlrabe provides about his financial resources, the Court cannot find that he is indigent, as he lists household income and assets that are sufficient to facilitate payment of the $405 civil filing fee. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the Court's authority to grant motions seeking leave to proceed without prepaying the filing fee "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Wohlrabe's household income and assets preclude his inclusion in that group of litigants, so his motion to proceed without prepaying the civil case filing fee must be denied.

Wohlrabe is advised that, unless his financial situation significantly changes, he is unlikely to be deemed indigent and therefore will be required to pay the full $405 civil case filing fee for every case he files before he is allowed to proceed. The fact that Wohlrabe's mother, who appears to be helping him make sound financial decisions, is "reluctant" to allow him to use his limited financial resources to fund numerous lawsuits, is an insufficient basis for the Court to conclude that he is among the "truly impoverished litigants who . . . would remain without legal remedy" if the privilege of *in forma pauperis* status were not granted to him. *Brewster*, 461 F.2d at 651.

Wohlrabe is also advised that, pursuant to 28 U.S.C. §1915(b)(1), a prisoner who brings a civil action *in forma pauperis* "shall be required to pay the full amount of the filing fee" over time through deductions from his trust account in accordance with the formula set forth in the statute. Specifically, §1915(b) requires prisoners to make monthly payments toward their filing fee debt equal to 20% of their previous month's income. An institution must collect 20% of each deposit made into a prisoner's account *for each case*, meaning that the first 20% of a deposit will be applied to the first case, the second 20% to the second case, and so on up until 100% of every deposit made into a prisoner's account is deducted and applied to his filing fee debt. *See Bruce v. Samuels*, 577 U.S. 82, 90 (2016) (explaining that §1915(b) calls for monthly payments of 20% of the preceding month's income simultaneously for each action pursued). The Seventh Circuit has confirmed that prisoners are required to make payments toward filing fees even when that means "that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . . ." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). Wohlrabe is therefore encouraged to consider the financial implications of filing numerous lawsuits before he decides to bring any more actions.

**IT IS THEREFORE ORDERED** that Wohlrabe's motion for leave to proceed without prepaying the filing fee (Dkt. No. 3) is **DENIED**. If Wohlrabe wants to proceed with this action, he must pay the $405 civil case filing fee by **April 14, 2025.** If Wohlrabe does not pay the filing fee by the deadline, the Court will dismiss this action based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on April 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
